UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JOEL DAVIDOW
4445 WESTOVER PLACE, NW
WASHINGTON, DC 20016,

MATTHEW WIENER                    :  Misc. Case No. _____
8407 FORT HUNT RD
ALEXANDRIA, VIRGINIA 22308, AND

ROBERT CYNKAR
10506 MILKWEED DRIVE
GREAT FALLS, VIRGINIA 22066

           PLAINTIFFS,

v.

PREETPAL GREWAL
395 SOUTH END AVENUE, APT. 8P
NEW YORK, NY 10280

           DEFENDANT.

---

## MOTION OF JOEL DAVIDOW, MATTHEW WIENER, AND ROBERT CYNKAR TO QUASH SUBPOENAS

For the reasons stated below, Joel Davidow ("Davidow"), Matthew Wiener ("Wiener"), and Robert Cynkar ("Cynkar") move to quash subpoenas served by Preetpal Grewal ("Grewal").

1. Davidow, Wiener, and Cynkar are not parties in *Grewal v. Cuneo, Gilbert & LaDuca, LLP, et al.*, Index No. 13 Civ. 6836 (SDNY) ("the Civil Action") in connection with which Grewal has served subpoenas on Davidow, Wiener, and Cynkar which are attached to this motion as Exhibits 1, 2, and 3.

2. Grewal has failed to personally serve the subpoena on Davidow and to provide a witness fee as required by Federal Rule of Civil Procedure 45.

3. The subpoenas served on Davidow, Wiener, and Cynkar require them to produce the following documents: (1) any and all agreements with Cuneo, Gilbert & LaDuca, LLP ("CGL"); and (2) any and all notes of their conversations with Grewal while she was employed by CGL **or** with CGL partners/partner/employees concerning her or matters related to the Civil Action. As can readily be seen, the subpoenas are broad, vague, and ambiguous and seek information which is confidential, is protected by the attorney-client privilege and work product doctrine, and/or is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Grewal's claims.

4. Grewal did not serve a subpoena on Wiener until **April 15, 2016** and on Cynkar until **April 18, 2016**, but she expects them to produce documents when they are deposed on **April 20, 2015**. Grewal has allowed very little time for Wiener and Cynkar to compile any responsive documents which they may have.

5. Davidow practices law at the Washington, DC office of CGL, is involved in handling class action litigation on a nationwide basis, and has an extremely busy schedule and heavy workload. For example, the subpoena directed to Davidow sets **April 26, 2016** as the date for his deposition in the District of Columbia, but he must travel to Columbus, Ohio on that date to prepare for and participate in a deposition scheduled for the next day. For that reason, complying with the subpoena imposes a substantial and undue burden on Davidow. Grewal could have mitigated that burden at least to some extent by serving a subpoena on Davidow at an earlier date.

6. The Court in the Southern District of New York has ruled in the Civil Action that Grewal is not entitled to obtain information concerning the employment of Davidow, Wiener, and Cynkar with CGL, including, *inter alia*, their purported status as partners and their

compensation while affiliated with that firm. Hence, Grewal has tried to circumvent that ruling by serving the subpoenas which seek agreements and other documents related to that subject.

7. Grewal has also attempted to circumvent the discovery process in the Civil Action by subpoenaing third-parties, namely Davidow, Wiener, and Cynkar, to produce documents which were encompassed by Grewal's production requests in that litigation.

8. The subpoena directed to Davidow specifies that his deposition will be taken at CGL's office in D.C. Grewal was formerly employed by CGL and has accused that firm of engaging in unlawful conduct, including discriminating against her by creating a hostile work environment. Thus, it would be highly inappropriate and disruptive to CGL to depose Davidow at any firm office.

9. Grewal did not extend Davidow the courtesy of conferring with him about the date and location for his deposition.

10. Davidow asks the Court to quash the subpoena directed to him.

11. Wiener and Cynkar ask the Court to quash the subpoenas directed to them to the extent that they are required to produce documents.

Dated: April 19, 2016

Respectfully submitted,

Patrick R. Buckler (MD 25943)
Bowie & Jensen, LLC
Suite 600
29 W. Susquehanna Avenue
Towson, MD 21204

*Attorney for Joel Davidow,*
*Matthew Wiener, and Robert Cynkar*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 19, 2016, a copy of the foregoing was served on Plaintiff, Preetpal Grewal, by email and first class mail, postage prepaid addressed to her at 395 South End Avenue, Apt. 8P, New York, NY 10280.

_____
Patrick R. Buckler